IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOHN MICHAEL WOLFE, )
)
*Plaintiff,* )
)
v. ) Case No. 1:23-cv-1711 (PTG/IDD)
)
PENNY S. AZCARATE, *et al.*, )
)
*Defendants.* )

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motions to Dismiss (Dkts. 5, 6) for lack of subject matter jurisdiction and failure to state a claim. On December 14, 2023, Plaintiff, proceeding *pro se*, filed this action, naming fifteen defendants: (1) Judge Penny S. Azcarate; (2) Judge Randy I. Bellows; (3) Judge Robert J. Smith; (4) Judge Brett A. Kassabian; (5) Judge Michael F. Devine; (6) Judge John M. Tran; (7) Judge Grace Burke Carroll; (8) Judge Stephen C. Shannon; (9) Judge Richard E. Gardiner; (10) Judge David Bernhard; (11) Judge David A. Oblon; (12) Judge Dontae L. Bugg; (13) Judge Tania M. L. Saylor; (14) Judge Christie A. Leary; and (15) Judge Manuel A. Capsalis (collectively, "Defendants"). Dkt 1 ("Compl.") at 1–5. In his Complaint, Plaintiff sues Defendants pursuant to 42 U.S.C. § 1983, alleging that Defendants have violated the Americans with Disabilities Act ("ADA")[1] and Plaintiff's Equal Protection rights under the Fourteenth Amendment of the U.S. Constitution. *Id.* at 6. Plaintiff seeks an injunction that would prohibit Defendants from presiding over any current or future matters involving him that are before the Fairfax County Circuit Court. *See id.* at 7.

---

[1] Although the Complaint does not expressly identify the Americans with Disabilities Act, the Court can reasonably infer that the Complaint's reference to the "ADA" refers to this Act.

On January 11, 2024, Defendants moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 4. Defendants contend that this Court lacks subject matter jurisdiction over this action because (1) Defendants are entitled to judicial and Eleventh Amendment immunity; and (2) Plaintiff's claims are barred by the *Younger* and *Rooker-Feldman* abstention doctrines. *See id.* at 1, Dkt. 6 at 1. Defendants also moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that: (1) under 42 U.S.C. 1983, Plaintiff's claims are time barred; (2) Plaintiff fails to plead facts of a constitutional violation; and (3) Plaintiff fails to state a claim for which relief may be granted. *See* Dkt. 5 at 1, Dkt. 6 at 1–2.

Because Plaintiff is proceeding *pro se*, Defendants advised him that their motions could be granted on the papers if Plaintiff failed to file a response within twenty-one days of the filing of the motions. *See* Dkts. 4, 5; *see also* Local Rule 7(K) of the Eastern District of Virginia; *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). On March 11, 2024, Plaintiff filed oppositions to the motions. Dkts. 20, 21.[2]

The Court has reviewed the parties' memoranda and this case is ripe for disposition.[3] Drawing all reasonable inferences in Plaintiff's favor and assuming the truth of the well-pled factual allegations in the Complaint, the Court finds that Plaintiff's claims against Defendants are

---

[2] Plaintiff's responses in opposition to Defendants' motions are timely as the Court granted Plaintiff two extensions of time to respond to the motions. *See* Dkts. 15, 19. In the second order granting Plaintiff's request for an extension, the Court directed Plaintiff to file his response on or by March 11, 2024, and advised Plaintiff that no further extension would be granted. Dkt. 19.

[3] On March 20, 2024, after briefing on the motions to dismiss concluded, Plaintiff filed a Motion to Grant Plaintiff Permission to Bring His I-Phone and Laptop into the Courthouse ("Motion"). Dkt. 23. Plaintiff requests that he be permitted to bring his cellphone whenever he visits the courthouse, and to bring his laptop to any hearing related to this action. *Id.* As an initial matter, the Court notes that no hearing has been noticed or set in this case. Moreover, the Court does not find good cause to grant Plaintiff's Motion. Accordingly, Plaintiff's Motion (Dkt. 23) is denied.

barred by the doctrine of judicial immunity, and separately, the Complaint fails to state a claim for which relief may be granted.[4]

## Background

This case follows a long history of civil actions John Michael Wolfe ("Plaintiff") has filed in state and federal court, all stemming from his family court proceedings. *See Wolfe v. Fairfax County, et al.*, 1:22-cv-959 (PTG/WEF), Dkt. 57 at 2–3 (discussing the previous lawsuits Plaintiff has filed). Plaintiff alleges that in 2015, one of his minor children was injured during a court-supervised visitation and leaders of the Fairfax County Circuit Court's ("Circuit Court") Stronger Together program "covered up this matter by filing a false report." Compl. at 8. Plaintiff alleges that after he filed a complaint against the Stronger Together Program, "the Fairfax County Circuit Court and JDR court repeatedly violated [his] rights to protect their court services program." *Id.* As an example of this violative conduct, Plaintiff alleges that he recently "discovered that the Stronger Together program had corruptly changed the contents of the JDR file related to" Plaintiff's custody case to influence the custody matter before the Circuit Court. *Id.*

The Complaint then alleges that the Circuit Court judges have violated Plaintiff's Fourteenth Amendment, equal protection rights and the ADA by, among other things, (1) "having two sets of rules for the Plaintiff and opposing parties[;]" (2) "[i]ssuing an order that did not grant a continuance even when the Plaintiff was hospitalized[;]" (3) improperly refusing to docket motions or removing motions filed by Plaintiff; (4) "[c]reating false evidence to cheat the Plaintiff out of over $100,000 in child support" while also not enforcing the custody order against Plaintiff's ex-wife; (5) "[f]ail[ing] to recuse when appropriate[;]" and (6) telling Plaintiff that the judge did

---

[4] Given this ruling, the Court need not explore any additional grounds for dismissal that Defendants have presented.

not care if anyone was hospitalized or had a visual impairment, in violation of the ADA. *Id.* at 9. Plaintiff further alleges that "[s]ome of the worst violations and corruption are from judges no longer on the bench[.]"[5] *Id.* For these alleged violations of his constitutional and civil rights, Plaintiff asks that this Court to (1) "issue an order that requires the Fairfax County Circuit Court to enter a disqualification order and recuse itself from all matters involving the Plaintiff[;]" (2) order the Circuit Court to "request that the Virginia Supreme Court appoint a judge designate for all matters involving the Plaintiff[;]" and (3) enjoin any judge of the Circuit Court from hearing any matter and issuing any order involving Plaintiff without his express request. *Id.* at 10.

## Legal Standard

### A. Rule 12(b)(1) Standard

Federal district courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Lack of subject matter jurisdiction is raised in a motion under Federal Rule of Civil Procedure 12(b)(1). *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1994). When a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of establishing that subject matter jurisdiction is proper by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be raised by either asserting that the "complaint simply fails to allege facts upon which subject matter jurisdiction can be based" or that "the jurisdictional allegations of the complaint were not true."

---

[5] In the memorandum in support of their motions to dismiss, Defendants note that the named defendants are all current sitting judges of the Fairfax County Circuit Court. Dkt. 6 at 4 n.2. On March 20, 2024, Plaintiff filed a Praecipe: Clarification on Retired Judges in Complaint to "clarif[y] that [the] retired judges mentioned in his complaint" include Retired Judge Bruce D. White and Retired Judge Jan L. Brodie. Dkt. 22 at 1. However, Plaintiff's Complaint does not name Judge White or Judge Brodie as defendants. *See* Compl. at 1–7.

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In the former situation, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* In the latter, the court may "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.*

"Although somewhat distinct from subject matter jurisdiction, courts have often considered immunity arguments, including arguments of judicial immunity, on Rule 12(b)(1) motions to dismiss." *Crawford v. Hughes*, No. 3:20-cv-813, 2021 WL 2125031, at *5 n.15 (E.D. Va. May 25, 2021).

**B.    Rule 12(b)(6) Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This pleading standard does not require detailed factual allegations; rather, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (first citing *Iqbal*, 556 U.S. at 679; and then citing and *Twombly*, 550 U.S. at 557). When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal citations omitted). The Court must construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94

5

(2007). However, "[p]rinciples requiring generous construction of *pro se* complaints are not…without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

## Analysis

### I. Defendants Are Entitled to Immunity from Suit

Defendants have moved to dismiss Plaintiff's claims on the ground that Defendants, as state court judges, are entitled to absolute judicial immunity from suit. *See* Dkt. 6 at 7. The doctrine of judicial immunity recognizes that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (alteration in original) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). The doctrine, therefore, serves to "protect[] the finality of judgments[,]" "discourag[e] inappropriate collateral attacks," and "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). Accordingly, "[j]udges performing judicial acts within their jurisdiction are entitled to absolute immunity from civil liability claims." *In re Mills*, 287 F. App'x 273, 279 (4th Cir. 2008).

Absolute judicial immunity can only be overcome if the judge's action either (1) was "undertaken in the 'clear absence of all jurisdiction'" or (2) constituted a "non-judicial act." *King v. Myers*, 973 F.2d 354, 356, 359 (4th Cir. 1992) (quoting *Stump*, 435 U.S. at 356–57). As to the first exception, courts must distinguish between "acts that are performed in 'excess of jurisdiction' and those performed in the 'clear absence of all jurisdiction over the subject-matter,' with the former type of act accorded immunity." *Id.* at 356–57 (quoting *Stump*, 435 U.S. at 356 n.6).

6

Therefore, a judge will be entitled to immunity so long as, "at the time [the judge] took the challenged action[,] he had jurisdiction over the subject matter before him." *Stump*, 435 U.S. at 356. As to the second exception, a court must determine whether the challenged action "is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." *King*, 973 F.2d at 357 (citing *Stump*, 435 U.S. at 359). If the court determines that the challenged action was a judicial act, then the judge will be entitled to judicial immunity. *See id.*

Here, Plaintiff argues that Defendants are not entitled to judicial immunity because "[j]udges have immunity from civil claims that are monetary; however, there exists no immunity for violating a person's civil rights." Dkt. 20 at 2. Despite Plaintiff's assertion to the contrary, courts have consistently held that the doctrine of judicial immunity extends to suits for injunctive relief. *See e.g.*, *Lepelletier v. Tran*, 633 F. App'x 126, 127 (4th Cir. 2016) (finding that a plaintiff's claims for "injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . were barred by the plain language . . . of § 1983"); *Kandare v. Gillies*, No. 2:20-cv-318, 2021 WL 4932003, at *13–15 (E.D. Va. Jul. 29, 2021) (dismissing the plaintiff's Fourteenth Amendment claims against two judicial defendants brought pursuant to § 1983 because the defendants alleged actions were judicial acts involving matters over which they had jurisdiction).

Thus, considering the merits of the immunity argument, the Court finds that Defendants are entitled to judicial immunity from suit in this case. Although Plaintiff never identifies any alleged action attributable to a particular Defendant, his collective claims all stem from or relate to his family court proceedings that were before one or more of the state court judges. *See* Compl. at 8–9; *see also* Dkt. 6 at 3–4. Plaintiff does not assert that any of the alleged actions taken by Defendants were done in the clear absence of jurisdiction.

Nor is there any dispute as to the fact that Plaintiff is seeking to challenge judicial acts allegedly taken by Defendants in their judicial capacity. *See* Compl. at 9 (alleging that while presiding over matters involving Plaintiff, Defendants engaged in conduct which included (1) issuing orders pertaining to child support; (2) ruling on various motions for a continuance; and (3) making evidentiary determinations).[6] While Plaintiff takes issue with these judicial acts and argues that some (unnamed) judges acted corruptly, as the Supreme Court has made clear, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump*, 435 U.S. at 356. In short, the Court finds that because the Complaint challenges the actions of state court judges performing judicial acts that were within their jurisdiction to perform, neither of the two exceptions to judicial immunity are applicable in this case. Thus, Defendants are immune from suit.

The Court further finds that Plaintiff is not entitled to his request for injunctive relief against Defendants. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Defendants argue that Plaintiff's failure to allege either "the violation of any declaratory decree directed by the judges, []or the unavailability of declaratory relief" alone warrants dismissal of Plaintiff's claims. Dkt. 6 at 8. In response, Plaintiff states that he "had no declaratory relief available for planned civil rights violations that were related to ongoing court matters including those that were going to happen on December 15, 2023[,]" the day after Plaintiff filed this civil

---

[6] Although Plaintiff alleges some of the alleged actions were done by judges who are no longer on the bench, Plaintiff neither names any retired judge as a defendant in this civil action nor raises any specific factual allegations against said judges. Accordingly, the Court does not consider these allegations.

8

action. Dkt. 20 at 2–3. Plaintiff proffers no further detail as to what happened on December 15, 2023, and fails to explain how anything that occurred on this day renders a declaratory decree in this action unavailable. It is also undisputed that the Complaint fails to allege that any Defendant violated a declaratory decree. Accordingly, on this basis alone, Plaintiff's claims against Defendants under § 1983 must be dismissed. *See Kandare*, 2021 WL 4932003, at *14–15 (finding that because the plaintiff "alleges neither the violation of a declaratory decree by either [judicial defendant], nor the unavailability of declaratory relief[,]" the plaintiff's claims for injunctive relief under § 1983 was barred by the doctrine of judicial immunity).

## II.     Plaintiff's Complaint Fails to State a Claim for Which Relief May be Granted

Even if, assuming *arguendo*, Defendants are not entitled to judicial immunity, Plaintiff's equal protection and ADA claims are nevertheless subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Regarding the equal protection claim, the Fourth Circuit has held that "[i]n order to survive a motion to dismiss an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he [or she] was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." *Equity in Ath., Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011). Here, Plaintiff's equal protection claim appears to be predicated on his assertion that Defendants "hav[e] two sets of rules for the Plaintiff and opposing parties[.]" Compl. at 9. According to Plaintiff, these "two sets of rules" include, among other things, Defendants engaging in "[u]nequal treatment when granting continuances or setting hearing dates" and imposing on Plaintiff thousands of dollars in child support while allowing his ex-wife to "escape" paying child support. *Id.* Construing the Complaint liberally and drawing all reasonable inferences in his favor, the Court finds that Plaintiff's ex-wife is the individual with

9

whom Plaintiff alleges he is similarly situated. The Court does not, however, find that Plaintiff has plausibly alleged that he and his ex-wife were treated differently, and that the unequal treatment was the result of discriminatory animus.

First, as noted earlier, though Plaintiff lists several grievances with the Circuit Court judges, the Complaint fails to identify any act attributable to any one of the named Defendants. As a result, the Court is unable to draw a reasonable inference that Defendants, either individually or collectively, are liable for the alleged misconduct Plaintiff levies against them. Moreover, Plaintiff fails to plead any factual allegations that discriminatory animus was a reason for the alleged unequal treatment between himself and his ex-wife. Thus, without more, Plaintiff's claim that he was subjected to unequal treatment is the kind of "unadorned conclusory allegation[]" that renders a complaint insufficient to state a plausible claim for relief. *See Francis*, 588 F.3d at 193.

Plaintiff's ADA claim also fails to state a claim for which relief may be granted. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such any entity." 42 U.S.C. § 12132. Here, Plaintiff alleges that after granting a request for a continuance, some unnamed judge "stated that he didn't care if anyone was hospitalized or had a vision impairment." Compl. at 9. Plaintiff alleges that this statement constitutes a violation of the ADA. *Id.* Even accepting these allegations as true, Plaintiff cannot state an ADA claim against Defendants because the ADA does not authorize suits against individuals. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (dismissing claim against individual defendants and stating that the ADA does not permit claims against individuals"); *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 786 (E.D. Va. 2003) (explaining that it is irrelevant whether an ADA claim is brought against a defendant in their

individual or official capacity because "individuals are not liable for violations of the ADA"); *see also* 42 U.S.C. § 12131(1) (defining a public entity, in relevant part, as "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]"). As there is no question that Plaintiff brought this civil action against individual defendants and not a covered entity, Plaintiff cannot state a claim against Defendants for any alleged violation of the ADA. Accordingly, this claim must also be dismissed.

In his response to Defendants' motions to dismiss, Plaintiff argues that if the Court were to find that the Complaint fails to state a plausible claim, the Complaint should be "dismissed without prejudice with leave to amend[.]" Dkt. 20 at 4. However, dismissal of a case with prejudice is warranted where "amendment would be futile in light of the [complaint's] fundamental deficiencies[.]" *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Here, for the reasons discussed above, the Court finds that amendment would be futile in this case because (1) Defendants are entitled to absolute judicial immunity from suit; (2) Plaintiff has failed to establish that he can seek injunctive relief against Defendants under § 1983 as the Complaint neither alleges a violation of a declaratory decree nor the unavailability of declaratory relief; and (3) Plaintiff cannot state an ADA claim against individuals. Accordingly, and for the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motions to Dismiss (Dkts. 4, 5) are **GRANTED**; it is further

**ORDERED** that Plaintiff's Motion to Grant Plaintiff Permission to Bring His I-Phone and Laptop into the Courthouse (Dkt. 23) is **DENIED AS MOOT**; and it is further

**ORDERED** that this civil action be and is **DISMISSED WITH PREJUDICE**.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short

statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to Plaintiff, who is proceeding *pro se*.

Entered this 3rd day of September, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge